JS-6

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-6528
   Facsimile:  (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA CV 12-01344 JST(JPRx) |
| Plaintiff, | ) |
| vs. | ) **CONSENT DECREE** |
| REAL PROPERTY LOCATED AT 3148-3164 E. LA PALMA AVENUE, ANAHEIM, CALIFORNIA (SATOR TRUST), | ) |
| Defendant. | ) |
| KARL SATOR AND EDITH SATOR, TRUSTEES OF THE SATOR FAMILY TRUST ESTABHISHED JULY 19, 1983, | ) |
| Claimant. | ) |

1    This action was filed on August 21, 2012.  Notice was given
2 and published in accordance with law.  Claimants and
3 titleholders Karl Sator and Edith Sator, Trustees of the Sator
4 Family Trust Established July 19, 1983 ("claimant") filed a
5 claim on October 11, 2012 and an answer on October 31, 2012.  No
6 other claims or answers have been filed, and the time for filing
7 claims and answers has expired.  Plaintiff United States of
8 America ("the government") and claimant have reached an
9 agreement that, without further litigation and without an
10 admission of any wrongdoing, is dispositive of the government's
11 claims against the defendant property, and hereby request that
12 the Court enter this Consent Decree.
13    **WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**
14    1.   As used throughout, the following terms shall have the
15 following meaning:  (a) "defendant property" shall mean the
16 defendant real property located at 3148-3164 E. La Palma Avenue,
17 Anaheim, California; and (b) "illegal purpose" shall mean any
18 purpose that furthers or facilitates the distribution or sale of
19 marijuana in violation of federal law, including, but not
20 limited to, renting space to a person or entity that sells or
21 distributes marijuana; or the renting of space to or permitting
22 the continued tenancy of any person or entity that sells,
23 distributes or facilitates the sale or distribution of
24 marijuana.
25    2.   This Court has jurisdiction over the parties to this
26 Consent Decree and the subject matter of this action.
27 ///
28 ///

3. On or about August 21, 2012, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

4. Claimant filed a timely claim and answer. No other claimant has appeared in this action.

5. Notice of this action has been given in accordance with law. No appearances having been made in this action by any person other than claimant, the Court deems that all other potential claimants admit the allegations of the Complaint to be true. The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

6. Claimant shall retain possession of and title to the defendant property, and in consideration thereof, claimant agrees to abide by the terms of this Agreement. Claimant shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below. If claimant fails to comply with any of the terms of paragraph 7, claimant's interest in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

7. Claimant shall not use or occupy the defendant property, nor shall it allow the defendant property to be used or occupied, for any illegal purpose (as defined in paragraph 1). Claimant shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto. Claimant shall not knowingly rent, lease or otherwise allow the use or occupancy of any of claimant's property to (a) any former tenant who used or occupied any of claimant's property for any illegal purpose; or

(b) any person claimant has reason to believe may use or occupy the claimant's property for any illegal purpose. Claimant shall not knowingly allow any of the claimant's property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the claimant's property.[1]

    8. In the event that claimant fails to comply with any of the terms of paragraph 7 of this Consent Decree during the four (4) year period following the entry of this Consent Decree, the entirety of claimant's interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below. In the event of forfeiture, the Orange County Recorder shall index this Consent Decree in the grantor index under the name of Karl Sator and Edith Sator, Trustees of the Sator Family Trust Established July 19, 1983, and in the grantee index in the name of the United States of America. If the government believes that claimant failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to claimant (as well as its respective undersigned counsel), describing the provision believed to have been violated. Claimant shall have fifteen (15) days from its receipt of such notice to cure the violation. In order to cure the violation, claimant shall immediately initiate steps to commence an eviction and thereafter continue and complete all reasonable and necessary steps to produce compliance as soon as reasonably practicable.

---

[1] The government is currently informed and believes that there is no location of any claimant's property currently listed in any such publications.

If the violation is not cured within the 15-day period by initiating such steps, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of claimant to timely cure the violation. The government shall provide claimant with all necessary proof and information that supports its allegation that there has been non-compliance. Claimant shall have fifteen (15) court days from the receipt of the Notice to file a motion to seek relief from forfeiture, wherein the moving party may argue that, among other things, it is an "innocent owner" pursuant to 18 U.S.C. § 983(d). If such a motion is filed, the government shall take no further action until the motion has been determined. If no such motion is timely filed, the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise. Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate. A "filed"-stamped copy of this Consent Decree accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant

property.  In the event that the defendant property is forfeited to the government, claimant agrees that the United States Marshals Service may proceed to sell the defendant property. Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

9.   Upon the filing of this Consent Decree, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory.  Such entry shall be permitted by claimant at a reasonable time to be agreed upon by the parties. Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which claimant may request a hearing.

10.   This Consent Decree shall only be recorded in accordance with the provisions of paragraph 8 above.

11.   In consideration of the government's agreement not to pursue claimant's interest in the defendant property, claimant shall pay the sum of $20,000.00 to the government not later than sixty days following entry of this Consent Decree by the Court. Such payment shall be made in the form of a cashier's check made payable to the United States Marshals Service, and shall be delivered to Assistant United States Attorney P. Greg Parham, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012. Said sum is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist

therein.  The United States Marshals Service is ordered to dispose of the funds in accordance with law.

12.  In consideration of claimant's agreement to forfeit the above-described funds, the government agrees to forego its attempts to forfeit claimant's interest in the defendant property in connection with any conduct committed up to and including the date of the filing of this proposed Consent Decree.  The government agrees that if payment is made as provided in paragraph 11, it shall execute and record a Withdrawal of *Lis Pendens* with the County Recorder of Orange County within ten days of such payment.

13.  Should claimant fail to make the payment required herein within sixty days following entry of this Consent Decree, the government shall acquire a lien against the defendant real property in the sum of $20,000.00.  The government's lien shall include a right of sale, allowing the government to take possession of and sell the defendant property at any time after fifteen days after entry of this Consent Decree, unless the parties agree otherwise in writing.  The government shall give written notice to claimant by letter directed to James A. Anton, as set forth below, thirty (30) days before the government intends to enforce its right of sale of the property.  At the conclusion of that thirty day period, any occupants or personal property shall be removed from the property.  The United States Marshals Service is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice without further order of this Court.  The United States Marshal Service shall

thereafter sell the property.  The proceeds of sale shall be applied as follows, to the extent proceeds are available:

    a.    First, to the costs incurred by the United States Marshals Service in taking possession of and selling the defendant property;

    b.    Second, to the payment due under the terms of this Consent Decree; and

    c.    Third, to lienholder.

    d.    Fourth, any remainder to claimant.

14.  The obligations of claimant pursuant to this Consent Decree, other than the payment by claimant set forth in paragraph 11, shall terminate and be of no further effect upon the sale or other transfer of ownership of the defendant property to a third party (including the United States Marshals Service), or of the surrender by claimant of its entire interest in the property.  Additionally, these obligations shall terminate and be of no further effect in the event that the defendant property is forfeited to the government.

15.  Except as otherwise set forth in this Consent Decree and in particular in Paragraph 8 above, claimant has released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by it or on its behalf.

16. The parties shall each bear their own costs and attorneys' fees in this action.

17. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Decree.

18. The Court finds that there was reasonable cause for the initiation of this action, and this Consent Decree shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

19. All notices and other communications provided for in this Consent Decree shall be in writing and shall be effective when given on the earliest of the following dates: (i) the date when actually delivered if delivered in person to the recipient; (ii) on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii) on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Decree, the recipient at the address set forth below:

To the Government: P. Greg Parham, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.

To claimant: James A. Anton, 7700 Irvine Center Drive, Suite 800, Irvine, CA 92618.

///

///

///

Any notice so given by mail shall be deemed to have been given as of the date of delivery (whether accepted or refused) established by the U.S. Post Office return receipt or the overnight courier's proof of delivery, as the case may be.

Dated:  May 13, 2013

THE HONORABLE JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE